UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ISAAC DELGADO,

        Petitioner,

v.                                      Case No: 2:14-cv-42-FtM-38MRM

SECRETARY, DOC,

        Respondent.
_____/

## OPINION AND ORDER[1]

This matter comes before the Court on Petitioner's Motion for Reconsideration (Doc. 27). In the motion, Petitioner asks this Court to reconsider its March 1, 2017, Opinion and Order denying his 28 U.S.C. § 2254 habeas petition. Petitioner did not file a timely notice of appeal but instead moved for an extension of time to "file a good faith reconsideration motion." *See* Doc. 22 at 1. Petitioner subsequently filed the instant motion pursuant to Rule 60(b) (6) of the Federal Rules of Civil Procedure on October 23, 2017. (Doc. 27 at 1). Petitioner argues that the Court improperly denied grounds one and three of his petition. For the reasons set forth below, the Court denies in part and dismisses in part the motion.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

## Legal Standard

The Eleventh Circuit has explained that Federal Rule of Civil Procedure 60 provides only a limited basis for a party to seek relief from a final order in a habeas proceeding. *Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007). Significantly, this Court only has jurisdiction to consider a Rule 60(b) motion if it "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Id.* (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)). Otherwise, if a petitioner "(1) seeks to add a new ground of relief; or (2) attacks the federal court's previous resolution of a claim *on the merits,*" then this Court lacks jurisdiction and must construe the Rule 60(b) motion as a successive habeas petition. *Id.* (internal quotations and citations omitted). Thus, where a petitioner asserts that the court's merit ruling on a ground was in error, he is attempting to relitigate a previous claim that challenges the validity of his conviction and consequently must first move the 11th Circuit for an order authorizing the district court to consider the successive petition. *Id.*at 1294.

## Analysis

It is not entirely clear on what basis Petitioner objects to Court's ruling in denying ground one of his petition. The motion refers the Court to pages 9-12 of its Order and Opinion in which the Court opined that a portion of Petitioner's claim was unexhausted and procedurally defaulted and claims that "the court's opinion is hyper technical and fails to consider a Petitioner's *pro se* pleading should be granted leeway." Doc. 27 at 1. Petitioner then continues to challenge the Court's merit determination of ground one of his petition. *Id.* at 2-4.

To the extent that Petitioner contends that the Court erred in failing to liberally construe his *pro se* pleading, and/or, improperly found that a portion of ground one of his claim was unexhausted and procedurally barred, the Court finds that Petitioner is challenging the nonmerits aspect of the Court's Opinion and Order. *See Gonzalez*, 545 U.S. at 534; *Williams*, 510 F.3d at 1293-94 (noting errors alleging failure to exhaust, procedural default, or statute of limitations are proper under Rule 60). Consequently, the Court will address these aspect of Petitioner's motion.

Petitioner moves, pursuant to Rule 60(b) (6), for relief. Rule 60(b) (6), the catchall provision of Rule 60(b), authorizes the court to grant relief for "any other reason that justifies relief" from a judgment. Fed. R. Civ. P. 60(b) (6). "[A] movant seeking relief under Rule 60(b)(6) [must] show extraordinary circumstances justifying the reopening of a final judgment." *Gonzalez*, 545 U.S. at 535 (internal quotation marks omitted).

This Court recognizes its mandate to construe *pro se* pleadings liberally. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). Petitioner fails to identify where the Court failed to construe his first ground for relief in his habeas petition liberally. The Court considered Petitioner's petition (Doc. 1) and memorandum of law (Doc. 1, pp. 11-19), in considering all claims for relief and facts in support of such claims that Petitioner was asserting. *See* Doc. 20 at 1. To the extent that Petitioner contends that the state court failed to liberally construe his Rule 3.850 motion; thus, causing a portion of his ineffective assistance claim to be unexhausted, the Court finds this claim to be without merit as Petitioner was represented by counsel on his collateral Rule 3.850 motion, and supplemental motion, and the appeal thereof. Doc. 17, Exhs. 7, 9, and 14.

3

As noted *supra*, the Court determined that a portion of Petitioner's first ground for relief raised in his petition was unexhausted and procedurally barred.[2] Doc. 20 at 10. More specifically, the Court found that Petitioner had not previously assigned fault to trial counsel "for not moving for a continuance" in his state post-conviction motions. *Id*. The Respondent raised this objection in its Response. Doc. 14 at 17. In his Reply (Doc. 17), Petitioner did not contend that he had asserted ineffectiveness due to Petitioner's failure to move for a continuance, nor did Petitioner contend that he had cause for failing to exhaust this portion of his ineffective assistance of counsel claim (Doc. 17). Further, a review of Petitioner's post-conviction motion (Doc. 17, Exh. 7) and supplemental motion (Doc. 17, Exh. 9) reveals that Petitioner, who was represented by counsel, never claimed that trial counsel was ineffective for failing to move for a continuance. Because Petitioner failed to exhaust this portion of his Sixth Amendment claim in the state court, and the time for raising such a claim in the state court was expired, this Court properly determined that it was precluding from federal habeas review. *McNair v. Campbell*, 416 F.3d 1291, 1305 (11th Cir. 2005). Thus, the Court finds that Petitioner has not demonstrated extraordinary circumstances to warrant relief under Rule 60(b), and denies Petitioner's motion on this ground.

With respect to the remaining portion of Petitioner's argument on ground one, the Court finds that it lacks subject matter jurisdiction to consider Petitioner's claims. In particular, Petitioner reasserts a claim of error in his state court conviction—namely that

---

[2] Petitioner raised four grounds of ineffective assistance of trial counsel in his Rule 3.850 motion, and supplemental motion. Except for Petitioner's assertion that counsel was ineffective for failing to move for a continuance, Petitioner's first ground for relief in federal habeas petition corresponded to Petitioner's first ground for relief in his Rule 3.850 motion, and supplemental motion.

trial counsel was ineffective for failing to investigate and/or call alibi witnesses. This ground attacks the substance of the Court's previous resolution of ground one on the merits and falls within the second and successive category of claims that require Petitioner first to move the 11th Circuit for an order authorizing this Court to consider a successive habeas petition. Thus, the Court is required to dismiss this portion of the motion.

With regard to ground three, Petitioner "takes issue with the findings" of the Court. Doc. 27 at 4. Again, Petitioner is attempting to relitigate his third ground for relief—that counsel was ineffective for failing to call Petitioner's mother to testify to and introduce pictures that were on her cell phone. After review of the pleadings and the record, including the transcript of the trial, the Court denied this claim on the merits. As a result, the Court finds it is without jurisdiction to review this claim a second time, absent Petitioner obtaining an order from the 11th Circuit and dismisses this portion of the motion.

Accordingly, it is now

**ORDERED:**

1. Petitioner's Motion for Reconsideration (Doc. 27) is **DENIED in part** and **DISMISSED in part** as more fully set forth above.

2. The Clerk shall terminate Petitioner's Motion for Leave of Court to Endorse Motion for Extension of Time to Alter or Amend *Nunc Pro Tunc* (Doc. 28).[3]

---

[3] Petitioner misconstrues the Court's October 6, 2017 Endorsed Order (Doc. 26) striking Petitioner's Motion for Extension of Time. The same day, the Court granted Petitioner's Motion for Extension of Time that he filed with the Court on April 3, 2017 (Doc. 22). *See* Doc. 25. On April 5, 2017, the Court received an unsigned duplicate Motion for Extension of Time (Doc. 23). Thus, the Court struck the unsigned duplicate Motion for Extension of Time, not the signed Motion for Extension of Time.

5

3. The Clerk shall send Petitioner an "Application for Leave to File a Second or Successive Habeas Corpus Petition 28 U.S.C. § 2244(b) by a Prisoner in State Custody" form.[4]

**Certificate of Appealability**

Because the denial of a Rule 60(b) motion constitutes a final order in a habeas proceeding, a certificate of appealability is required before Petitioner will be allowed to appeal this Order. *Perez v. Sec'y, Dep't of Corr.*, 711 F.3d 1263, 64 (11th Cir. 2013). Here the Court considered and concluded that Petitioner has not made a substantial showing of the denial of a constitutional right with regard to his claim that the Court erred in failing to liberally construe his *pro se* pleading or in finding that a portion of Petitioner's ground one in his habeas petition was unexhausted and procedurally barred. Therefore, a certificate of appealability with regard to the denial of this portion of Petitioner's motion for relief from judgment should not issue*. Slack v. McDaniel, 529 U.S. 473, 483–484, 542 (2000)* ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right.").

To the extent that the Court dismissed the remaining portions of the motion due to the Court lacking jurisdiction to consider these claims, the Court lacks jurisdiction to grant a COA. *See* 28 U.S.C. § 2253(c); *Boone v. Sec'y, Dep't of Corr.*, 377 F.3d 1315, 1317 (11th Cir. 2004).

---

[4] Petitioner should be aware that § 2244(b)(2) limits the circumstances under which the Court of Appeals will authorize the filing of a second or successive habeas corpus petition. Furthermore, 28 U.S.C. § 2244(d) imposes a time limitation on the filing of a habeas corpus petition. Petitioner, in seeking relief in the Court of Appeals, should be cognizant of both these provisions.

**DONE** and **ORDERED** in Fort Myers, Florida this 17th day of April, 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record
Encl: Application for leave to file a second 28 U.S.C. § 2254 petition